Public Accountancy — Rules — Joint Business Activity The rule adopted by the Oklahoma State Board of Public Accountancy which prohibits a "C.P.A. or "P.A." from engaging in any business or occupation conjointly with that of public accountancy which is incompatible or inconsistent therewith is invalid because the same is unconstitutionally vague, indefinite and uncertain and violates the first essential of due process of law. The Attorney General has had under consideration your letter dated December 11, 1968, in which you state as follows: "The Oklahoma State Board of Public Accountancy, purporting to act under authority of Section 3, Chapter 27 O.S. 1968 [27-1968] (59 O.S. 15.5 [59-15.5] (1968)) did, on September 14, 1968, adopt and promulgate its `Rules of General Application,' including Rule VII, Article 4, Section 4.04 thereof, which section reads as follows: A C P.A. or a P A. engaged in the practice of public accounting shall not engage in any business or occupation conjointly with that of public accountancy which is incompatible or inconsistent therewith." You then further state and inquire as follows: "The above mentioned board has held that a person licensed as an insurance agent and selling insurance in this State is engaged in an occupation which is incompatible or inconsistent with the practice of public accounting. May this Board validly prohibit a person engaged in selling insurance in Oklahoma from practicing public accounting?" The authority of the Oklahoma State Board of Public Accountancy to prescribe certain rules and regulations is contained in O.S.L. 1968, ch. 271, Section 15.5 (59 O.S. 15.5 [59-15.5] (1968)) which provides as follows: "The Board shall adopt and issue, and from time to time may amend, rules of general application for the administration of this Act and regulating the professional conduct of persons authorized to engage in public accounting, looking to the establishment and maintenance of a high standard of honesty, integrity and proficiency in the profession, and may adopt and issue such other rules and regulations as are consonant with the purposes of this Act. . . ." The above statute provides that the Board shall issue rules of general application for the administration of the Act (Public Accountancy Act of 1968) and for the purpose of regulating the professional conduct of persons authorized to engage in public accounting with emphasis upon high standards of honesty, integrity, and proficiency. It also provides that the Board shall issue other rules and regulations consistent with the purposes of the Act. While your question relates to whether or not the Board of Public Accountancy can validly prohibit a person engaged in selling insurance from practicing public accounting, the real issue involved is whether or not the rule in question is a rule sufficiently definite to meet the requirements of due process of law and is not unconstitutionally vague, indefinite and uncertain. In the case of Hewitt v. Board of Medical Examiners, 148 Cal. 590,84 P. 39, the court was concerned with the question of the validity of a statute empowering the Board of Medical Examiners to revoke the certificate of a physician for unprofessional conduct and which defined unprofessional conduct to consist of "all advertising of medical business in which grossly improbable statements are made." In holding the statute invalid, the court in the body of its opinion stated: "'The right which a person possesses under the Constitution and the laws to practice his profession as a physician and surgeon cannot be made to depend upon a provision of a statute as vague, uncertain, and indefinite as is the provision we have been considering. If a physician's license is to be revoked for "grossly improbable statements"; if he is to be thereby deprived of his means of livelihood, of his right to practice a profession which it has taken him years of study and a large expenditure of money to qualify himself for, on the ground that he has made "grossly improbable statements" in advertising his medical business — it is requisite that the statute authorizing such revocation define what shall constitute such statements so that the physician may know in advance the penalty he incurs in making them. It is an easy matter for the Legislature to declare what statements in the advertisement of medical business shall be deemed "grossly improbable," and it must do so, and not leave it to a board of medical examiners after the publication is made to determine in its judgment whether the statements were or were not "grossly improbable," and according to its particular view of the matter revoke or refuse to revoke the license. The right to practice medicine cannot be made to depend upon such a vague, uncertain, and indefinite provision.'" Also in Connally v. General Construction Company, 269 U.S. 385,46 S.Ct. 126, 70 L.Ed. 322, the Supreme Court stated in the second paragraph of its syllabus: "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." The presentation of case law dealing with the validity of statutes is a proper method for interpreting rules of administrative bodies since the rules of construction governing statutes also apply to rules adopted by administrative agencies. 2 Am. Jur. 2d, Administrative Law, Section 295, states the rule that: "While in the strict sense of the term an administrative regulation is not actually a `statute' but is at most an offspring of a statute, a regulation may be deemed to come within the term `statute.' Construction of a regulation is necessarily an interpretation of the statute under which it is issued, particularly where the statute calls for regulations to be issued, and provisions and principles applicable to `statutes' may properly be applied to regulations. This is particularly true in regard to principles governing the validity and construction of statutes." It is, therefore, the opinion of the Attorney General that the rule adopted by the Oklahoma State Board of Public Accountancy which prohibits a "C P.A." or "P.A." from engaging in any business or occupation conjointly with that of public accountancy which is incompatible or inconsistent therewith is invalid because the same is unconstitutionally vague, indefinite, and uncertain and violates the first essential of due process of law. (Gary F. Glasgow)